UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| LIAL D. MCKOY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-622-GBL-MSN |
| | ) |
| ERIC D. WILSON, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Eric D. Wilson ("Respondent")'s Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim, or in the alternative, Motion for Summary Judgment. (Docs. 8, 9). Lial D. McKoy ("Petitioner"), a federal inmate proceeding *pro se*, challenges his sentence of 294 months by way of a habeas corpus action brought pursuant to 28 U.S.C. § 2241. (Doc. 1).

There are four issues before the Court. The first issue is whether Petitioner's § 2255 Motion was inadequate or ineffective to test the legality of his conviction, thus triggering availability of relief under § 2241. The second issue is whether Petitioner's Plea Agreement forecloses relief under § 2241. The third issue is whether this Court should hold this matter in abeyance pending the Fourth Circuit's decision in *United State v. Surratt*. The fourth issue is whether *Johnson v. United States* provides Petitioner an avenue for relief under § 2241.

The Court holds that Petitioner's § 2255 Motion was not inadequate or ineffective to test the legality of his conviction because he is not "actually innocent" of the conduct of which he is convicted. Second, the Court holds that Petitioner's Plea Agreement forecloses relief under § 2241 because he knowingly and voluntarily waived his right to appeal. Third, the Court holds

that *Surratt* is fundamentally distinguishable from Petitioner's § 2241 claim, and thus this Court need not hold Petitioner's claims in abeyance, pending the Fourth Circuit's decision in *Surratt*. Fourth, the Court holds that *Johnson v. United States*, as a rule of constitutional law, does not provide an avenue for relief under § 2241.

Petitioner plead guilty to conspiracy to possess with the intent to distribute cocaine and cocaine base (i.e. crack cocaine) in violation of 21 U.S.C. § 841. *Id.* According to the statute, Petitioner's conviction exposed him to a possible term of incarceration of ten years to life imprisonment. *Id.* At his sentencing in the U.S. District Court for the Eastern District of North Carolina, Petitioner was found to be a career offender under the U.S. Sentencing Guidelines, which increased his guideline range of incarceration from a range of 324 months to 405 months, to a range of 360 months to life. *Id.* However, the sentencing court also credited Petitioner with providing substantial assistance to law enforcement authorities and downwardly departed from the advisory Guidelines. *Id.* Petitioner did not file a direct appeal; instead, Petitioner filed with the sentencing court a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Id.* The sentencing court denied his motion, and the Fourth Circuit affirmed the denial. (Docs. 1, 10).

## I. BACKGROUND

On September 11, 2009, Petitioner Lial D. McKoy and two other individuals were indicted in the Eastern District of North Carolina for, among other charges, conspiracy to distribute and possess with the intent to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base (i.e. crack cocaine) in violation of 21 U.S.C. § 841 (Count I). (Doc. 10). On January 6, 2010, pursuant to a written plea agreement (the "Plea Agreement"), Petitioner pled guilty to Count I of the Indictment, conspiracy to possess with the intent to

distribute cocaine and cocaine base. (Doc. 10, Ex. 1). The Plea Agreement reads, in relevant part:

> The defendant agrees ... [t]o waive knowingly and expressly the right to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any postconviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to defendant at the time of defendant's guilty plea.
>
> The defendant understands ... Maximum term of imprisonment: Life ... Minimum term of imprisonment: Ten (10) years ... [and that] the Court is not bound by any sentence recommendation or agreement as to the advisory Guideline application.
>
> [T]hat even if a sentence up to the statutory maximum is imposed, defendant may not withdraw the plea of guilty.

*Id.* In exchange for Petitioner's guilty plea to Count I, the Government agreed to dismiss all remaining counts. *Id.*

Petitioner was sentenced for Count 1 on January 21, 2011. (Docs. 1, 10). Pursuant to 21 U.S.C. § 841(b)(1)(A), Petitioner was subject to a mandatory minimum term of imprisonment of ten years and a mandatory maximum term of life in prison. (Doc. 10). The Eastern District of North Carolina designated Petitioner as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines ("Guidelines") based on two prior state convictions: (1) for one count of assault with a deadly weapon inflicting serious injury, and (2) for possession with the intent to sell and deliver cocaine. (Docs. 1, 10). For both prior convictions, Petitioner was convicted in North Carolina state court on October 18, 1993 when he was sixteen years of age. *Id.* At the time, under North Carolina law, assault with a deadly weapon inflicting serious injury was punishable by a presumptive term of imprisonment of three years. *See* N.C. Gen. Stat. § 14-32(b) (1993).

3

The maximum prison term for the offense was ten years. *Id.* § 14-1.1(a)(1)(8). Under North Carolina law, possession with the intent to sell and deliver cocaine was also punishable by a presumptive term of imprisonment of three years and a maximum term of ten years. *See* N.C. Gen. Stat. § 90-90; N.C. Gen. Stat. § 90-95. For the 1993 sentencing, the North Carolina court consolidated the assault and drug possession convictions and imposed a single sentence of six years. (Doc. 10).

The career offender designation resulted in an increase in Petitioner's criminal history category under the Guidelines. (Doc. 10). The designation increased the suggested range of imprisonment for his 2011 sentencing from 324 months to 405 months to 360 months to life. *Id.* However, because Petitioner gave substantial assistance to law enforcement authorities in other investigations, the sentencing court reduced the advisory Guidelines and imposed a sentence of 294 months. *Id.* Petitioner did not file a direct appeal. Instead, on August 20, 2012, Petitioner filed an initial § 2255 motion in the United States District Court for the Eastern District of North Carolina alleging, among other things, that he was no longer a career offender under the Sentencing Guidelines based upon *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). (Doc. 10). While Petitioner's § 2255 motion was still pending, the Fourth Circuit decided *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), which had held that *Simmons* should be retroactively applied. *Id.* On January, 21, 2014, the North Carolina District Court denied Petitioner's § 2255 motion, holding that the motion was barred by the one-year statute of limitations and by Petitioner's Plea Agreement. *Id.* The court ruled that Petitioner's waiver of his appellate rights was knowing and voluntary and that his claims fell within the scope of the waiver. *Id.* Additionally, the court noted that Petitioner did not contend that his waiver was invalid due to any defect in the Rule 11 colloquy;

instead, his argument was based solely on the fact that "neither party had any reason to believe that the substantive law would change." *Id.* The North Carolina District Court held that Petitioner's claims under *Simmons* were barred by the waiver in his Plea Agreement. *Id.* Thus, Petitioner's § 2255 motion was dismissed.

Petitioner appealed the dismissal of the § 2255 motion, and the Fourth Circuit affirmed. *United States v. McKoy*, 597 F. App'x 175 (4th Cir. 2015). On May 13, 2015, Petitioner filed the instant habeas petition in this court, again citing *Simmons*. (Doc. 1). On August 17, 2015, Petitioner supplemented his § 2241 petition with a citation to *Johnson v. United States*, 135 S. Ct. 2551 (2015), a Supreme Court case regarding the residual clause of the Armed Career Criminal Act ("ACCA"). Respondent moved to dismiss the Petition on December 4, 2015. (Docs. 8, 9). Petitioner filed a Response on December 22, 2015, in which he requested that the Court grant him leave to amend his petition and to hold this matter in abeyance pending the Fourth Circuit's rehearing en banc of *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015). (Doc. 11). Respondent filed their Reply on December 24, 2015. (Doc. 12).

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. FED. R. CIV. P. 12(b)(1). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). There are two ways in which a defendant may present a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint

"fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. In such a case, all facts as alleged by the plaintiff are assumed to be true. *Id.*

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Constr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In such a case, the court may consider evidence outside the pleadings and regard the pleadings as mere evidence to determine the existence of jurisdiction. *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). As a result, plaintiff's allegations find no presumption of truth, and a dispute of material facts will not preclude the trial court from evaluating the merits of claims underlying jurisdiction. *U.S. ex. rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

### III. ANALYSIS

The Court GRANTS Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction because Petitioner's claim is not redressable via § 2241 for two reasons. First, the Court holds that Petitioner's § 2255 motion was not "inadequate or ineffective" to test the legality of Petitioner's detention. Second, the Court holds that Petitioner's Plea Agreement forecloses relief under § 2241. This Court denies Petitioner's request that the Court hold this matter in abeyance pending the Fourth Circuit's decision in *United State v. Surratt* because *Surratt*, a case in which the defendant was sentenced to a life sentence based on *mandatory* sentencing guidelines, is fundamentally distinguishable from this case. Finally, the Court holds that *Johnson v. United States* does not provide an avenue for Petitioner's relief under § 2241.

I. **Petitioner's Sentence is Not Redressable Under § 2241 Because His Prior § 2255 Motion Was Not Inadequate or Ineffective to Test the Legality of His Detention**

    a. *Petitioner's argument under Davis fails because Davis did not render the underlying conduct not criminal*

The Court holds that Petitioner's § 2255 motion was not "inadequate or ineffective" because Petitioner cannot show that the substantive law changed such that that the crime he was convicted of is now deemed to be not criminal.

As a threshold matter, petitioners convicted in federal court must first seek habeas relief pursuant to 28 U.S.C. § 2255. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *see also In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). It is only when § 2255 is "inadequate or ineffective to test the legality of detention" that a federal prisoner may seek a writ of habeas corpus through 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255(e). It is well established that the remedy afforded by § 2255 is not rendered ineffective merely because a prisoner is procedurally barred from filing a § 2255 motion. *Rice*, 617 F.3d at 807. In addition, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because a second or successive § 2255 motion has been dismissed, or because a remedy under the section is time-barred. *See id.*; *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (noting multiple courts' agreement that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion); *In re Jones*, 226 F.3d at 333 (remarking that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under § 2255).

The Fourth Circuit has formulated a three-part test to determine whether § 2255 is "inadequate or ineffective" to test the legality of the detention of a federal prisoner, thereby

triggering the § 2255(e) savings clause and allowing a petitioner to proceed under § 2241. *See In re Jones*, 226 F.3d 328 (4th Cir. 2000). Specifically, § 2255 is inadequate and ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that *the conduct of which the prisoner was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34 (emphasis added). The circumstances in which § 2255 is inadequate or ineffective are narrow. *See In re Jones*, 226 F.3d at 333 (holding that § 2241 applies in only a very limited number of circumstances); *Turner v. Wilson*, 2015 WL 6693079, at *4 (E.D. Va. Oct. 28, 2015) (explaining that the Fourth Circuit has interpreted the § 2255(e) savings clause narrowly). *See generally Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (highlighting that habeas corpus relief is extraordinary and reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal). Furthermore, while § 2241 and § 2255 have different standards, courts should not construe § 2241 relief more liberally than § 2255 relief because to do so "would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Kinder*, 222 F.3d at 214 ("[T]he scope of the § 2255 remedy is no different from the scope of the § 2241 remedy."). If a petitioner is unable to establish that § 2255 is inadequate or ineffective to test the legality of his conviction under these three prongs, the petition must be dismissed for lack of jurisdiction. *Rice*, 617 F.3d at 807-08.

Through its second prong, *Jones* opened a narrow gateway to § 2241 relief for prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the prisoner was convicted are not a crime. *In re Jones*, 226 F.3d at 333 (authorizing a §

2241 motion when "the substantive law changed such that the conduct of which the prisoner was convicted *is deemed not to be criminal*" and holding that Jones was entitled to file a habeas petition pursuant to § 2241 because, under *Bailey v. United States*, 516 U.S. 137 (1995), the conduct with which he was convicted no longer was criminal). A prisoner may use actual innocence as a basis for the filing of a § 2241 petition. *See In re Jones*, 226 F.3d at 333; *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (acknowledging that claims of actual innocence have been recognized by the Seventh, Second, and Eleventh Circuits as possible bases for review under § 2241 when § 2255's restrictions foreclose subsequent petitions). However, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (examining actual innocence in the context of a § 2255 claim); *see also United States v. Tyler*, 732 F.3d 241, 246 (3rd Cir. 2013) (explaining that while *Bousley* addressed the standard for claims brought under § 2255, the actual innocence standard articulated in *Bousley* "applies equally to actual innocence claims brought under § 2241").

In the Fourth Circuit, claims of actual innocence are limited to challenges of a *conviction*, not a sentencing enhancement. *United States v. Pettiford*, 612 F.3d 270, 282, 284 (4th Cir. 2010) (explaining in the context of a § 2255 motion that in a noncapital sentencing proceeding, a petitioner must demonstrate that *he did not commit the crime* of which he was convicted in order to show "actual innocence"); *see also United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging *only their sentences*."); *see generally Kinder*, 222 F.3d at 213 (holding that § 2241 is not available where a petitioner "makes no assertion that is innocent of the crime for which he was convicted"). Thus, to succeed with a claim of actual innocence, the

9

petitioner must demonstrate actual factual innocence of the offense convicted. *Pettiford*, 612 F.3d at 284-85.

The Fourth Circuit in *Pettiford* analyzed a petitioner's argument brought via a § 2255 motion that he was "actually innocent" of a *sentencing enhancement* under the Armed Career Criminal Act because the petitioner believed his convictions should not have been classified as "violent felonies" under the Act. *Pettiford*, 612 F.3d at 284. The *Pettiford* court held that because the petitioner could not demonstrate actual innocence of the *crime underlying the conviction*, petitioner's claim of actual innocence was not cognizable. *Id.* The court noted that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and *not from the legal classification of the predicate crimes.*" *Id.*; *accord Damon v. United States*, 732 F.3d 1, 6 (1st Cir. 2013) (affirming the lower court's denial of petitioner's § 2255 petition when me made no claim that he was factually innocent of the underlying crime); *but see United States v. Maybeck*, 23 F.3d 888, 894 (4th Cir. 1994) (holding that the § 2255 movant was actually innocent of his career offender sentence because he was *factually* innocent of one of the prior convictions justifying his career offender sentence).

Section 2241 covers claims of actual innocence of the underlying crime, not of a sentencing enhancement. In analyzing a claim of actual innocence under a § 2241 habeas petition, the Fifth Circuit held in *Kinder v. Purdy* that while the petitioner had been incorrectly labeled a career offender under the Sentencing Guidelines, the § 2255(e) savings clause, what allows claims under § 2241, was not the correct avenue to remedy such a misapplication. 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that "[w]here the petitioner's case has been viewed as falling within the savings clause [given petitioner's assertion of actual innocence] it was in part

because the petitioner arguably was convicted for a *nonexistent offense*" and "[t]hus, in each case, the petitioner could claim he was actually innocent of the *crime* of which he was convicted," rather than the *sentence* imposed for such crime). *Id.* The *Kinder* court then further clarified that the § 2255(e) savings clause's allowance of § 2241 claims based on "actual innocence" of the predicate crime does not encompass a petitioner's claim of actual innocence of a *Guidelines enhancement. See id.* at 213 ("In contrast, [petitioner] argues that . . . his conviction of conspiracy cannot support application of the Guidelines' career offender provisions . . ." but "[h]e makes no assertion that he is *innocent of the crime* for which he was convicted."); *see also In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) ("[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241.").

In this case, Petitioner asserts that he is "actually innocent" of being a career offender for purposes of the Sentencing Guidelines Enhancement. (Doc. 1). Petitioner argues that his two predicate convictions could not have counted as two separate convictions based on *United States v. Davis* because his sentences for the state court convictions were consolidated.[1] *See* Doc. 1;

---

[1] Petitioner also argues that the convictions cannot count as predicate offenses because he was sixteen at the time of conviction. A "prior felony conviction" under the Guidelines requires a prior *adult* federal or state conviction. U.S.S.G. § 4B1.1 (1998). Generally, a juvenile conviction cannot be counted in determining whether a defendant is a career offender. *United States v. Mason*, 284 F.3d 555, 558 (4th Cir. 2002). However, convictions that result in adult sentences of imprisonment exceeding one year and one month may be counted. U.S.S.G. § 4A1.2(d) cmt. n. 7 (2015). Here, Petitioner was sixteen years old at the time of the offense, which resulted in his being prosecuted as an adult. *See* N.C. Gen. Stat. § 7B-524 (1993); *see also* N.C. Gen. Stat. § 7B-1604 (2015) ("Any juvenile . . . who commits a criminal offense on or after the juvenile's sixteenth birthday is subject to prosecution as an adult"). Because Petitioner was prosecuted as an adult and his conviction resulted in imprisonment exceeding one year and one month, Petitioner's state court convictions may be counted towards the career offender designation. Thus, the Court holds that petitioner's age during the state court convictions does not preclude their use under the career offender designation.

*see also United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). However, this argument does not demonstrate that Petitioner is actually innocent of the crimes committed and thus, does not establish a basis for Petitioner's § 2241 motion. *See Johnson v. Wilson*, 2016 WL 521512, at *3 (citing *Poole*, 531 F.3d at 267) ("Fourth Circuit precedent teaches without exception that the savings clause only preserves claims of actual innocence of a conviction; *it does not extend to claims of innocence of a sentencing factor*.") (emphasis added).

A defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense to be a career offender under the Guidelines. U.S.S.G. § 4B1.1 (2015). The existence of two prior convictions is not dispositive; the Defendant must have at least two prior *sentences* for those convictions. *Davis*, 720 F.3d at 217. A *consolidated sentence* cannot be split into two sentences for purposes of applying the career offender designation, regardless of whether the offenses were separated by an intervening arrest. *Id.* (holding that the language of the Guidelines is plain that absent multiple prior sentences, the enhancement cannot apply). Here, the state court imposed a consolidated sentence of six years for Petitioner's two state court convictions. (Docs. 1, 10). As a result, Petitioner's sentences constitute a single sentence for purposes of the career offender enhancement, and petitioner's two prior convictions cannot be counted as two prior convictions for purposes of the career offender designation. *See Davis*, 720 F.3d at 219. However, this does not render the underlying conduct noncriminal as required by the second prong of the *Jones* test. *In re Jones*, 226 F.3d at 333 (requiring that the substantive law change so that the conduct for which the defendant was convicted is deemed *not to be criminal*). Petitioner makes no suggestion that he did not commit the crimes of assault with a deadly weapon or drug possession with the intent to sell or deliver. Instead, he only argues that he is actually innocent of career offender *status*. (Doc. 1). However, the § 2255(e) savings

clause's allowance of § 2241 claims based on actual innocence of the predicate crime does not encompass a petitioner's claim of actual innocence of a sentencing enhancement, such as the career offender enhancement. *See Kinder* F.3d at 213. Therefore, because the actual innocence exception does not apply to status changes for sentencing enhancements, Petitioner's claim of actual innocence under *Davis* fails because he cannot demonstrate actual innocence of the predicate crimes. *See generally In re Bradford*, 660 F.3d at 230 (holding that a claim of actual innocence of a career offender enhancement is does not warrant review under § 2241).

2. *Petitioner's argument under Simmons fails because Simmons was decided before Petitioner filed his initial § 2255 motion*

Petitioner does not satisfy the second *Jones* prong as to his claim under *Simmons* because *Simmons* was not decided subsequent to Petitioner's initial § 2255 motion.

A petitioner seeking relief under § 2241 must satisfy all three prongs of *Jones*. *See In re Jones*, 226 F.3d at 333-34. The second prong of *Jones* requires that "*subsequent to* the prisoner's direct appeal *and first § 2255 motion*, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *See id.* (emphasis added). *Simmons* was decided on August 17, 2011, and Petitioner filed his initial § 2255 motion on August 20, 2012, over one year later. In fact, Petitioner's § 2255 motion, which was dismissed by the sentencing court, included an argument under *Simmons*. (Doc. 10). Therefore, Petitioner's claim does not satisfy the second prong of *Jones* because Petitioner had—and took— the opportunity to address *Simmons* in his initial § 2255 motion because *Simmons* was decided prior to his initial § 2255 motion. Thus, the Court holds that Petitioner's § 2255 motion was not inadequate or ineffective as to his argument under *Simmons* because *Simmons* was not decided subsequent to Petitioner's initial § 2255 motion, thus failing the second *Jones* factor. Petitioner's claim is merely a successive petition brought after successive claims under 28 U.S.C. § 2255.

2.  **Petitioner's Plea Agreement Precludes Relief Under § 2241 Because Petitioner's Claims Fall Within the Scope of a Valid Waiver**

The Court holds that Petitioner's Plea Agreement precludes relief under § 2241 because Petitioner entered into a valid waiver and because Petitioner's sentencing challenge falls within the scope of the valid waiver.

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (quoting *United States v. Davis*, 689 F.3d 349, 354 (4th Cir. 2012)). A court will enforce the waiver if it is valid and if the appealed issue falls within the scope of the waiver. *See Davis*, 689 F.3d at 355. A waiver may still be valid in light of a subsequent change in the law so long as the defendant was sentenced within the appropriate Guidelines range established at the time of sentencing and the sentence is precisely in the manner the defendant anticipated. *See Copeland*, 707 F.3d at 529 (dismissing due to a valid waiver petitioner's argument that, in light of *Simmons*, he should not have been subject to the enhanced statutory sentencing range under § 841(b)(1)(B) or designated as a career offender under § 4B1.1); *United States v. Blick*, 408 F.3d 162, 173 (4th Cir. 2005) (holding that petitioner's claim that he should be resentenced in light of *United States v. Booker*, 543 U.S. 220 (2005), fell within the scope of his valid appeal waiver). The possibility of a favorable change in the law occurring subsequent to the plea agreement is one of the "normal risks" that accompany a guilty plea. *United States v. Archie*, 771 F.3d 217, 222 (4th Cir. 2104). In *Copeland*, the court emphasized that "plea bargains rest on contractual principles" and that "each party should receive the benefit of its bargain." 707 F.3d at 529 (quoting *United States v. Blick*, 408 F.3d 162, 170 (4th Cir. 2005)). "A party cannot ask to re-bargain the waiver of his right to appeal because of changes in the law." *Copeland*, 707 F.3d at 529

14

Petitioner does not argue that his waiver lacked the knowing and voluntary elements. (Doc. 11). In addition, he did not contend that his waiver was invalid due to any defect in the Rule 11 colloquy. *Id.* Instead, Petitioner argues that his waiver was invalid based on *Simmons* because neither party had reason to believe that the substantive law would change. (Doc. 10). However, a defendant may not invalidate his waiver based on subsequently issued case law. *See Copeland*, 707 F.3d at 529. In his Plea Agreement, Petitioner agreed to waive the right to appeal "any issues that relate to the establishment of the advisory Guideline range." (Doc. 10, Ex. 1). The Plea Agreement reflects that the statutory maximum was life imprisonment, and it reflects that Petitioner understood that "even if a sentence up to the statutory maximum is imposed, defendant may not withdraw the plea of guilty." (Doc. 10, Ex. 1). The Plea Agreement provides that Petitioner reserves a right to appeal his sentence only when the sentence is in excess of the advisory Guideline range established at sentencing. *Id.* However, Petitioner's sentence was ultimately within the appropriate Guidelines range established at the time of sentencing, and he was sentenced "precisely in the manner he anticipated." *Copeland*, 707 F.3d at 529. Therefore, Petitioner's claims regarding the application of *Simmons* and *Davis* fall within the scope of his valid appeal waiver.

Thus, the Court GRANTS Respondent's Motion to Dismiss because Petitioner's Plea Agreement precludes relief under § 2241.

3.  ***United States v. Surratt* is Not Applicable to Petitioner's § 2241 Claim of Actual Innocence**

The Court holds that *United States v. Surratt* is fundamentally distinguishable from Petitioner's § 2241 claim because Surratt was sentenced to a *mandatory* life sentence while Petitioner was sentenced under *advisory* guidelines. Therefore, the Court will not hold this matter in abeyance pending the Fourth Circuit's decision in *Surratt*.

In his Response, Petitioner cites to *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015), a case pending a rehearing en banc, to support his argument that he is "actually innocent" of career offender status. (Doc. 11). Petitioner asks that the Court hold this matter in abeyance pending the Fourth Circuit's final decision on *Surratt*. (Doc. 11). In *Surratt*, the Fourth Circuit analyzed whether a petitioner, arguing under *Simmons*, could be "actually innocent" of the career offender enhancement under the Guidelines when he was sentenced under a mandatory minimum sentence of life in prison. 797 F.3d at 246. The court found that *Jones* did not apply to petitioner's claim because petitioner was "not innocent of anything," as *Simmons* did not decriminalize any part of the petitioner's underlying conduct. *Id.* at 248 (highlighting that *Jones* requires that the law must have changed "such that the conduct of which the prisoner was convicted is deemed not to be criminal"). Therefore, the Court found that the petitioner was precluded from relief under § 2241. *Id.* at 251.

While the *Surratt* rehearing has the potential to change the way in which actual innocence applies to the erroneous application of a *mandatory* life sentence, it has no potential to impact the way in which actual innocence applies to the erroneous application of *advisory* guidelines. *Surratt*, 797 F.3d at 246. Thus, the Court will not hold this matter in abeyance pending the Fourth Circuit's decision in *Surratt*, a case fundamentally distinguishable from the one at hand.

4. **Petitioner's Claim Under *Johnson v. United States* May Not be Brought Pursuant to § 2241 Because *Johnson* Provides a Rule of Constitutional Law**

The Court GRANTS Respondent's Motion to Dismiss because *Johnson v. United States*, as a rule of constitutional law, does not provide an avenue for relief under § 2241 for purposes of a career offender designation. Petitioner argues that based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause in the Sentencing Guideline's career offender enhancement is unconstitutionally vague. In *Johnson v. United States*, the Supreme Court held that the

"residual clause" in the definition of "violent felony" under the Armed Career Criminal Act of 1984 is unconstitutionally vague. 135 S. Ct. 2551 (2015). The career offender definition under the Guidelines has an identical residual clause when defining "crime of violence" for purposes of a predicate crime. U.S.S.G. § 4B1.2(a)(2) (2015) (defining the term "crime of violence" as, in part, one that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). The career offender definition also defines "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1).

However, because *Johnson* announced a new rule of constitutional law, § 2241 is not the appropriate avenue to address the impact of *Johnson* on petitioner's claim. *See In re Gieswein*, 802 F.3d 1143, 1146 (10th Cir. 2015) (holding that *Johnson* created a new rule of constitutional law); *Johnson v. Wilson*, No. 1:15-CV-1273 (LMB), 2016 WL 521512, at *3 (E.D. Va. Feb. 5, 2016) (holding that because *Johnson* created a new rule of constitutional law, the petitioner could not proceed under § 2241). The third prong of the *Jones* test requires that the new rule be one of substantive, not constitutional, law. *In re Jones*, 226 F.3d at 333-34. Section 2255 is the exclusive means to raise the issues implicated by *Johnson*. *See* 28 U.S.C. § 2255(h)(2) (stating that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain a new rule of *constitutional* law that was previously unavailable) (emphasis added). Therefore, the Court will not address whether the language in the Guideline's residual clause is unconstitutionally vague in light of *Johnson*.

Thus, the Court GRANTS Respondent's Motion to Dismiss because Petitioner's claim under *Johnson v. United States* may not be brought pursuant to § 2241; therefore, the Court holds that it lacks jurisdiction to hear this claim.

## IV. CONCLUSION

The Court **GRANTS** Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction for two reasons. First, Petitioner's claims arising under *Simmons* and *Davis* do not satisfy the criteria set out in *In re Jones* for relief via § 2241. Second, Petitioner's Plea Agreement forecloses relief under § 2241. The Court will not hold this matter in abeyance pending the Fourth Circuit's en banc decision in *Surratt*. In addition, *Johnson v. United States* does not provide an avenue for relief under § 2241. Therefore, it is hereby

**ORDERED** that Respondent's Motion to Dismiss (Docs. 8, 9) is GRANTED.

**IT IS SO ORDERED.**

ENTERED this /a/ day of April, 2016.

Alexandria, Virginia

4/ / /2016

/s/
Gerald Bruce Lee
United States District Judge